UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASONRY SECURITY PLAN OF WASHINGTON; BAC LOCAL NO. 1 PENSION TRUST; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; and INDEPENDENT CONTRACTORS AND BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 1 APPRENTICE TRAINING TRUST,<br><br>                   Plaintiffs,<br><br>   v.<br><br>BRIAN SCOTT HALLIN and SARA LEA HALLIN, a married couple, the marital community comprised thereof, and sole proprietors d/b/a RELIABLE MASONRY and d/b/a RELIABLE MASONRY SERVICES,<br><br>                  Defendants. | C22-0218 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the motion of plaintiffs Masonry Security Plan of Washington, BAC Local No. 1 Pension Trust, Bricklayers and Trowel Trades International Pension Fund, and Independent Contractors and Bricklayers and Allied Craftworkers Local No. 1 Apprentice Training Trust (collectively "Plaintiffs") for

ORDER - 1

1  entry of default judgment against defendants Brian Scott Hallin and Sara Lea Hallin d/b/a
2  Reliable Masonry and/or Reliable Masonry Services (collectively "Defendants"), docket
3  no. 20.  Having reviewed Plaintiffs' motion, the supporting documents, and the remainder
4  of the record, the Court GRANTS Plaintiffs' motion for default judgment against
5  Defendants.

6  **Discussion**

7  On June 13, 2022, the Clerk of Court entered default against Defendants for
8  failure to timely plead or otherwise defend in this action.  Entry of Default (docket
9  no. 10).  Plaintiffs now request equitable relief from the Court in the form of an order
10 compelling Defendants to provide certain payroll and related business records as set forth
11 in applicable trust agreements to which Defendants are bound.  Plaintiffs also seek an
12 award of attorney's fees and costs.

13 Plaintiffs have alleged causes of action for breach of labor and trust agreements, a
14 violation of the Employee Retirement Income Security Act ("ERISA"), and equitable
15 relief, Compl. at ¶¶ 4.1–4.8 (docket no. 1), and have properly established subject matter
16 jurisdiction and venue in this Court, *id.* at ¶¶ 2.1–2.2.  The Court also has personal
17 jurisdiction over Defendants, who reside in Thurston County, Washington and conducted
18 business in this District.  *Id.* at ¶ 1.6; *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir.
19 1999) ("A judgment entered without personal jurisdiction over the parties is void.").  Due
20 to Defendants' default, the Court accepts as true the well-pleaded facts in Plaintiffs'
21 complaint.  *See LHF Prods., Inc. v. Holmes*, No. C16-551, 2018 WL 3742189, at *2

ORDER - 2

(W.D. Wash. Aug. 7, 2018) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).

Here, Defendants executed a Compliance Agreement in which they agreed to make fringe benefit contributions to Plaintiffs and be bound by the written terms and conditions of Plaintiffs' respective trust agreements.  Compl. at ¶¶ 3.1–3.8; Ex. 1 to Sangalang Decl. (docket no. 17).  Plaintiffs' trust agreements require Defendants to comply with Plaintiffs' request for payroll and related business records in the event of an audit.  Compl. at ¶¶ 3.4–3.8; Exs. 4–7 to Sangalang Decl. (docket no. 17).  In a letter dated November 8, 2021, Plaintiffs' auditor notified Defendants that they were selected for a routine payroll examination and requested certain records to complete the review.  Compl. at ¶ 3.10–3.11; Hagge Decl. at ¶ 5 & Ex. 8 (docket no. 18).  The period for the payroll examination was from September 1, 2018, to present.  Compl. at ¶ 3.10; Hagge Decl. at ¶ 5 & Ex. 8.  Defendants did not respond to the auditor's letter and the matter was referred to Plaintiffs' Counsel, who made two written demands for the requested records before commencing this action, Compl. at ¶¶ 3.13–3.15; Maxwell Decl. at ¶ 2 (docket no. 19).[1]

Plaintiffs seek an equitable remedy, and ask the Court for an order compelling Defendants to produce certain records necessary to complete the audit.  *See* Hagge Decl. at ¶ 7 (listing the records required to complete the audit).  The Court has authority to

---

[1] Plaintiffs' Counsel declares that he has been in contact with Defendants since commencing this action but Defendants have failed to provide the required documents.  Maxwell Decl. at ¶¶ 7–11 (docket no. 19).

ORDER - 3

enter default judgment against Defendants based on the Clerk's entry of default, docket no. 10, and Federal Rule of Civil Procedure 55, and concludes that Plaintiffs are entitled to equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), in the form of an order compelling Defendants to produce the required records and comply with Plaintiffs' audit. *See Masonry Sec. Plan of Wash. v. Radilla*, No. 20-350, 2021 WL 3602517, at *4 (W.D. Wash. Aug. 13, 2021); *Bds. of Trs. of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 21-cv-200, 2022 WL 1243663, at *5 (E.D. Wash. Apr. 26, 2022).

       Plaintiffs also request attorney's fees in the amount of $7,070 and costs in the amount of $820. The Court has been provided sufficient evidence to determine the amount and reasonableness of the attorney's fees and costs claimed in this action. *See* Maxwell Decl. at ¶ 14–15 & Exs. 10–11 (docket no. 19); Fed. R. Civ. P. 55(b)(2); 29 U.S.C. § 1132(g) (providing for an award of reasonable attorney's fees and costs).

**Conclusion**

       For the foregoing reasons, the Court ORDERS:

       (1)    Plaintiffs' motion for entry of default judgment against defendants Brian Scott Hallin and Sara Lea Hallin d/b/a Reliable Masonry, docket no. 20, is GRANTED.

       (2)    Defendants Brian Scott Hallin and Sara Lea Hallin d/b/a Reliable Masonry are ORDERED to fully comply with Plaintiffs' audit and promptly provide for the period September 1, 2018, through December 31, 2022, the following documents to Plaintiffs' Counsel or Plaintiffs' auditor: (i) individual payroll records for all employees; (ii) employee roster listing all employees, with hire or position date changes; (iii) State Employer Security Reports; (iv) State Industrial Insurance or Comparable Reports;

(v) Quarterly FICA and Federal Income Tax Reports (Forms 941/941A); (vi) Annual Federal Unemployment Reports (FUTA 940); (vii) Labor Contracts plus any addendums or supplements, if applicable; and (viii) payroll or accounts payable records for temporary agency personnel or subcontractors.

(3) The Court retains jurisdiction over this matter. In the event Plaintiffs find discrepancies with Defendants' reporting of fringe benefit contributions in any subsequent audit, Plaintiffs shall promptly move to reopen the case and amend their complaint.

(4) Plaintiffs are AWARDED attorney's fees in the amount of $7,070 and costs in the amount of $820, for a total award of $7,890 in fees and costs.

(5) The Clerk is directed to enter judgment consistent with this Order, send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 21st day of April, 2023.

Thomas S. Zilly
United States District Judge

ORDER - 5